## BENDER VS. WOOTEN.

ACTION, RIGHT OF.

J, a grocer, agreed with B, a dry goods merchant, that if he would sell goods to his customers, he would include their purchases in mortgages that he would take on their crops for groceries sold to them. B sold goods to R, a customer of J, and J included the amount of the purchase in a note taken from R for groceries, and took a mortgage on his crop to secure it. Afterwards J died, and W administered upon his estate and came into possession of the note and mortgage, and received from R his crop, sufficient to pay the note; a large part of which was attached by R's landlord for rent, and the proceeds tied up for several years in litigation, but finally the attachment was discharged and the proceeds left in W's hands. In the meantime the administration of J's estate had been settled and closed in the probate court, and the uncollected claims due the estate, including the note of R, had been sold, under an order of the probate court, and purchased by a mercantile firm of which W was a partner, at a nominal sum, while the proceeds of the cotton were in his hands. W refused to pay B's debt against R out of the proceeds, and B sued him for money had and received. W, in defense, insisted that B's demand was against J's estate, and should have been probated against it. *Held*, that B could not have probated the claim against J's estate, because the debt had not been paid to him in his lifetime. 2. W was not an innocent purchaser of J's note, but purchased it subject to the rights of B, and was liable to him in the action for his debt against R. See *McCustian v. Ramsey*, 33 *Ark.*, 141.

APPEAL from *Phillips* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*Palmer*, for appellant.
*Tappan & Hornor*, contra.

ENGLISH, C. J. This was an action for money had and received, brought by Sam. Bender against Charles Wooten in the circuit court of Phillips county. The complaint set out in detail the facts on which plaintiff sought to recover;

a demurrer was sustained to it; an amended complaint filed; a demurrer sustained to it; plaintiff rested; final judgment was rendered in favor of defendant, and plaintiff appealed.

The amended complaint, in substance, follows:

Plaintiff, Samuel Bender, states that, during the year 1872, he was doing a dry goods business in the city of Helena, and one Oliver C. Joyce was doing a grocery and produce business in said city.   That it was agreed in writing between them that if plaintiff would furnish the customers of said Oliver C. Joyce with dry goods, he would make provision for the same in the deeds of trust he was taking from them ·to secure the indebtedness they were about to create with him, and that when he collected the same he would pay over to plaintiff the account of said customers for dry goods purchased as aforesaid.

That in pursuance of said agreement plaintiff furnished one James R. Roberts, who was a customer of said Oliver C. Joyce, with dry goods on the credit of said Joyce, as aforesaid, for the year 1872, amounting to the sum of $192.05.

That said Joyce furnished the said Roberts with groceries and supplies for the said year, and the debt of said Roberts to plaintiff, with that due to said Joyce, was included together in a note executed by said Roberts to said Joyce, and secured by a deed of trust upon his crop for said year 1872.

That on the —— day of ——, 187—, said Oliver C. Joyce departed this life, and said defendant (Charles Wooten) and one Fannie P. Joyce, widow of said Oliver C. Joyce, were duly appointed his executors by the probate court of Phillips county.   That the note and deed of trust executed by said James P. Roberts were

Bender vs. Wooten.

not paid off by him during the lifetime of said Oliver C. Joyce, but came to the hands of said executors as assets of his estate.

That during the winter of 1872 and 1873, said Roberts delivered to defendant several bales of cotton raised by him during the year 1872, part of which was sold, and credited to him on his indebtedness to said Joyce, by defendant.

That a portion of said crop, amounting to seven bales of cotton, worth $550, was attached in the hands of defendant for rent due from Roberts for the land on which it was raised, and defendant went security for the retention of the cotton in his own hands; and the cotton thus tied up and not accounted for to the probate court as part of the estate of said Oliver C. Joyce, was in and by said legal proceedings, which extended to the supreme court, withheld until the May term of said supreme court for 1877.

That on the —— day of November, 1876, the administration upon the estate of said Joyce was finally closed in said probate court on final settlement filed and confirmed, and said executors discharged from their said executorships.

That before said final settlement was filed in said probate court the unavailable assets of said estate, including the debt of said Roberts, were sold at public sale, by order of said probate court, and were all bid off by one —— Sexton, who was then the bookkeeper of defendant, for the sum of five dollars, in the name of C. Wooten & Bro., a firm doing business in Helena and composed of defendant and his brother, Alonzo Wooten, since deceased.

That after the decision of the said attachment suit in the supreme court, which untied the proceeds of the said seven bales of cotton, and subjected them to the payment

of the said debt of the said Roberts, defendant, in whose hands said proceeds then were, credited the amount there-of upon the account of the said Fannie P. Joyce as the same stood against her upon the books of C. Wooten & Bro.

Plaintiff charges that the proceeds of said cotton never passed out of the hands of the defendant, and are still in his hands.

That said sum of $192.05, which was included in the debt of the said Roberts, and included in the deed of trust aforesaid, was part of said sum of money so untied by said decision of the supreme court, and was received by defendant to and for use of plaintiff, who has frequently demanded the same of defendant, and which he has always refused to pay.

Prayer for judgment against defendant for said sum of $192.05, and interest for the detention thereof, and for all proper relief.

The grounds of demurrer to the complaint were:

1. "Because it appears from said complaint that the debt of James P. Roberts was due to the estate of Oliver C. Joyce, deceased; that it was assets of said estate in the hands of defendant and Fannie P. Joyce as executor and executrix of the will of said Oliver C. Joyce, and that they were properly discharged from said administration, and therefore accounted for said claim to the probate court, and the claim of plaintiff, if he has any, was and is against the estate of said Joyce.

2. "Because said complaint states no legal cause of action against defendant."

Appellant could not have probated his claim against the estate of Joyce, because Roberts did not pay the debt, or any part of it to Joyce in his lifetime; the debt was wholly uncollected when Joyce died.

Roberts paid the debt, after the death of Joyce, by delivering cotton to appellee as his executor, part of which was tied up by attachment, until the administration was closed.

The note of Roberts was on its face payable to Joyce, and went into the hands of his executors as assets.

But according to the allegations of the complaint, they did not collect it and administer the proceeds, but sold it, with other assets, and appellee, in effect, became purchaser thereof for five dollars, when the debt was secured by cotton or its proceeds in his hands. He was not an innocent purchaser, and purchased subject to the rights of appellant.

The only question of law involved in this case was settled in *McCustian v. Ramsey, Ad., 33 Ark., 141.* The complaint showed a cause of action, and the demurrer was erroneously sustained.

Judgment reversed and the cause remanded for further proceedings, etc.